Jay Goebel
Plaintiff *in Propria Persona*
11 Merwin St., Apt. 318
Norwalk, CT 06850
(203) 856-9075
jfgoebel@yahoo.com

FILED

DEC 12 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
262 W. Nueva St. Suite 1-400, San Antonio, TX 78207

JAY GOEBEL
PLAINTIFF

v.

ERIC PEREZ and JOSE LUIS LEDESMA,
DEFENDANTS

_____ /

SA22CA1354
FB

## PLAINTIFF'S ORIGINAL COMPLAINT

Jay Goebel ("plaintiff"), sues Eric Perez and Jose Luis Ledesma ("defendants") of the San Antonio Airport Police for violating his constitutional rights under the fourth amendment to the United States Constitution to be free from unreasonable seizures. The defendants falsely imprisoned him and forced him to identify himself to law enforcement even though Mr. Goebel had committed no crime.

## SUMMARY

On November 10, 2021, Officers Eric Perez and Jose Luis Ledesma of the San Antonio Airport Police Department wrongfully and illegally forced Jay Goebel to provide identification even though Mr. Goebel had not been lawfully arrested. Officer Perez approached Mr. Goebel at the San Antonio Airport based on a call he had received from dispatch that a man was

intoxicated on Mr. Goebel's flight and had caused a disturbance. Upon making contact with Mr. Goebel, Officer Perez concluded that Mr. Goebel was not intoxicated and had committed no crime. However, instead of releasing Mr. Goebel at that time, Mr. Perez demanded that Mr. Goebel identify himself before he was free to go about his day. Officer Perez even confirmed in his police report that he told Mr. Goebel that he would be placed under arrest and taken to jail and charged with "failure to ID" due to being lawfully detained.

Mr. Goebel did not become aggressive or combative, but simply asked why he needed to identify himself if he was not under arrest for anything – which is precisely what the law dictates. In response, Officer Perez persisted in telling Mr. Goebel he needed to show his ID for the purposes of Officer Perez's police report on the incident. Officer Perez also falsely claimed that Mr. Goebel needed to identify himself because he was being detained. Eventually Mr. Goebel reiterated several times to Officer Perez that he did not have to ID himself and requested to speak with Officer Perez's supervisor.

When Mr. Ledesma approached Mr. Goebel and Mr. Perez, he supported Mr. Perez and also told Mr. Goebel that he must provide his ID to the Defendants. Despite admitting that he did not even suspect Mr. Goebel of committing a crime, Mr. Ledesma told Mr. Goebel multiple times that he would be arrested for "failure to ID" and taken to jail if he did not produce identification.

Mr. Goebel now files this lawsuit against Officer Perez and Corporal Ledesma for violating his constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

## PARTIES

1.      The plaintiff resides in Norwalk, Connecticut at the address of 11 Merwin St., apt. 318 for all times material to the facts giving rise to the complaint.

2.      Defendant Eric Perez is a police officer with the City of San Antonio Airport Police and may be served at his place of employment at the San Antonio Airport Police located at 1320, 9623 Terminal Blvd, San Antonio, TX 78216 or wherever he may be found.

3. Defendant Jose Ledesma is a police officer with the City of San Antonio Airport Police and may be served at his place of employment at the San Antonio Airport Police located at 1320, 9623 Terminal Blvd, San Antonio, TX 78216 or wherever he may be found.

## JURISDICTION AND VENUE

4. This court has original jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343 since Plaintiff is suing for relief under 42 U.S.C. §1943.

5. Venue is proper in this judicial district under 28 U.S.C. §1391 because the defendants are employed in this judicial district and the acts complained of took place in this judicial district.

## PLAIN STATEMENT

6. On November 10, 2021, Officer Eric Perez of the San Antonio Airport Police Department made contact with Jay Goebel as he exited a plane that had just landed at the San Antonio Airport.

7. The interaction between Defendant Perez and Mr. Goebel was recorded on Officer Perez's body worn camera, as well as Mr. Goebel cell phone camera.

8. Defendant Perez immediately requested Mr. Goebel to provide ID, to which Mr. Goebel declined and asked Officer Perez to clarify why this was needed. Mr. Perez responded, "because I'm questioning you".

9. Mr. Goebel declined to provide his ID.

10. Defendant Perez asked Mr. Goebel if he had been drinking.

11. Mr. Goebel responded that he had not had anything to drink.

12. Mr. Perez asked Mr. Goebel to remove his face mask and breathe into Mr. Perez's hand.

13. Mr. Goebel complied with this request and blew into Mr. Perez's hand.

14. Mr. Perez explained that he "needs to find out what happened on the plane".

15. Mr. Goebel explained to Officer Perez that the flight attendants on the plane seemed upset by Mr. Goebel's t-shirt which conveyed a message that was critical of forced face mask

policies and were giving Mr. Goebel a hard time throughout the flight, even though Mr. Goebel was complying with the mask-wearing policies.

16.     Mr. Goebel also explained that another passenger seated in his row, that he did not have any relationship with prior to the flight, was drinking alcohol and that the flight attendants may have incorrectly believed that Mr. Goebel was also drinking alcohol with this other passenger.

17.     Mr. Perez eventually replied, "All I need to do is identify who you are, and that's it, and you're on your way."

18.     Mr. Perez continued, "Because there is a disturbance on the plane, we have to do a small synopsis of what happened."

19.     Mr. Perez continued, "All it is, is for me to type up in my CFS, exactly who I spoke to."

20.     Mr. Goebel responded, "you are asking me, and I have a fourth amendment right to decline it."

21.     Mr. Perez replied, "You are right. But here's the issue though. All it is, is just a report I need to do."

22.     Mr. Perez continued to badger Mr. Goebel with, "What's your name?"

23.     Mr. Goebel told Mr. Perez that he can refer to him as "Good Citizen".

24.     Mr. Perez replied, "Because you are being detained at the time, you would need to identify yourself."

25.     Mr. Perez continued, "Now you've got to let me do my job, my job is to find out who you are, and then we'll be good. That's it."

26.     As Mr. Goebel repeatedly declined to ID, Mr. Perez continued, "You've got to remember, I did tell you that you were being detained, and because of that, you have to identify yourself."

27.     Mr. Goebel replied after all of this, "I have a fourth amendment right."

28.     Mr. Perez replied, "I worked with you, now you have to work with me"

29.     Mr. Goebel replied, "If it's a request, I deny the request."

30.    Mr. Perez responded, "You have to ID yourself, because I told you that you were being detained, and I had to figure out what was going on."

31.    Mr. Perez continued, "And I understand you have your fourth amendment right, you've said that several times…so now you need to return the favor to me and ID who you are, you see what I'm getting at? Because I did tell you (that) you were detained."

32.    Mr. Perez later continued on, "But if you keep pushing the issue, I'm gonna have to talk to the sup and the sup is gonna decide what's going to happen."

33.    At this point Mr. Goebel again declined to identify himself and requested to speak with Officer Perez's supervisor.

34.    Mr. Ledesma approached the conversation and Mr. Perez briefed Mr. Ledesma of the situation up to this point in front of Mr. Goebel.

35.    Mr. Goebel addressed Mr. Ledesma at this point, "I have a fourth amendment right to privacy…I have a right to not identify myself. If there is no reasonable suspicion of a crime at this point, I don't have to identify myself, and I value my fourth amendment."

36.    Mr. Ledesma stated, "We've got to generate a report no matter what," and "whoever we make contact with, we have to ID them."

37.    Mr. Ledesma continued, "You're being detained, we're not saying you committed a crime or anything, but because we're making contact with you, at this time we have to ID you."

38.    After more back and forth, Mr. Ledesma continued, "If you don't want to ID yourself, we can go get your ID, it's that simple…because I'm going to arrest you for failure to ID, and you're going to go to jail."

39.    Mr. Goebel replied, "I obey all lawful orders. If you are going to arrest me if I don't ID myself, I will do that, but I don't believe that I have to. Is that what you are saying, that it's a lawful order?"

40.    Mr. Ledesma replied, "Yes. We just need you to ID. That's it."

41.    Mr. Ledesma confirmed again he was giving a lawful order and Mr. Goebel must provide ID. He stated, "if you don't want to give us your ID, we're going to arrest you for failure to ID."

42.    Mr. Goebel responded, "In that case I will provide my ID."

43.    Mr. Goebel provided his driver's license to Mr. Perez under threat of arrest.

44.    At all times relevant to this lawsuit, Defendants Perez and Ledesma were acting under color of law.

## COUNT I.

### UNLAWFUL ARREST
### VIOLATION OF FOURTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983
### AGAINST DEFENDANTS PEREZ AND LEDESMA

45.    Mr. Goebel repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

46.    No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law. *Terry v. Ohio*, 392 U.S. 1, 9 (1968).

47.    Defendants Perez and Ledesma deprived Plaintiff of his constitutionally protected right to be free from unreasonable seizures under the Fourth Amendment by unlawfully threatening arrest on him despite lacking probable cause that any crime had been committed as he was not under arrest at the time he was asked and then refused to identify himself and had not committed any crime.

48.    A false arrest claim under 42 U.S.C. § 1983 requires a showing of (1) willful detention, (2) without consent, (3) without authority of law, and (4) the deprivation of a constitutional right.

49.    There is no cause of action for false arrest under § 1983 unless the arresting officer lacked probable cause.

50.    There can be no doubt that the right not to be arrested absent probable cause was clearly established at the time of Mr. Goebel's arrest. *Alexander v. City of Round Rock*, 854 F.3d 298, 306–07 (5th Cir. 2017).

51.    Fifth Circuit case law also clearly establishes that police officers lack actual or arguable probable cause to arrest a person for failure to identify, in violation of Texas law, when the

person has not yet been arrested at the time that he fails to provide officers with identification, because the "failure to identify" offense is triggered only when a person who has already been arrested fails to provide identification upon an officer's request. *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 392 (5th Cir. 2017).

52.    Mr. Goebel did not consent to his forced identification.

53.    Defendants Perez and Ledesma did not have probable cause to support arresting Mr. Goebel as they did not see Mr. Goebel commit a crime, and he was not under arrest at the time he refused to identify himself; thus, the "failure to identify" offense under § 38.02 was not triggered since it applies only when an officer "has lawfully arrested the person and requested the information." TEX. PENAL CODE § 38.02(a); *Davidson*, 848 F.3d at 392.

54.    Additionally, Defendants Perez admitted to Mr. Goebel that he did not have probable cause to arrest Mr. Goebel for any other crime.

55.    Defendants Perez and Ledesma did not have authority of law to arrest Mr. Goebel as they did not have a warrant or probable cause to arrest him, and no other exigent circumstances existed justifying his arrest.

56.    By knowingly and intentionally threatening to arrest Mr. Goebel without probable cause, and without legal justification, Defendants Perez and Ledesma deprived Mr. Goebel of his Fourth Amendment right to be free from unreasonable seizures.

57.    As a result of the illegal arrest, Defendants Perez and Ledesma deprived Mr. Goebel of his civil, constitutional and statutory rights and are liable to Mr. Goebel pursuant to 42 U.S.C. § 1983.

## DAMAGES

58.    Mr. Goebel repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

59.    Victims of unreasonable searches and seizures may recover damages directly related to the invasion of their privacy. *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999).

60.    As a result, Mr. Goebel is entitled to recover all actual damages allowed by law. Mr. Goebel contends both of the Defendants' conduct constitutes reckless or callous indifference

to Mr. Goebel's legally protected rights. Thus, Mr. Goebel, is entitled to damages against Defendants Perez and Ledesma.

61.    As a direct and proximate result of the occurrence which made the basis of Mr. Goebel was forced to suffer deprivations of his liberty.

62.    Pursuant to 42 U.S.C. § 1983 and § 1988 and Texas Civil Practice & Remedies Code section 41.003(a), Plaintiff seeks to recover, and hereby requests the award of exemplary damages and costs of court.

## JURY REQUEST

63.    Mr. Goebel respectfully requests a jury trial.

_Jay Goebel_

Jay Goebel
Plaintiff in *propria persona*

# EXHIBIT A
written communications and video evidence

**San Antonio Police Department**

## Report # SAPD21225655 - Offense/Incident Report Cover Sheet

| REPORT DATE / TIME | DISTRICT / SECTION / SUBSTATION / COUNCIL DISTRICT / SCHOOL DISTRICT | EVENT START DATE / TIME - EVENT END DATE / TIME |
|---|---|---|
| Nov 10, 2021 18:07 | 3350 / 33 / NORTH / 9 / North East ISD | Nov 10, 2021 14:55 - 16:48 |

### INCIDENT INFO

OFFENSE CODE

DISTURBANCE

OFFENSE LOCATION

TERMINAL B, 9710 AIRPORT BLVD, SAN ANTONIO, TX 78216

### INVOLVED PERSONS

| INVOLVEMENT | NAME | HOME ADDRESS | DOB / ESTIMATED AGE RANGE | RACE | SEX |
|---|---|---|---|---|---|
| R-1 | Bladys Ricardo Rojas | 2705 1ST ST 1B ASTORIA, NY 11102 | | White | Male |
| SB-1 | ███████████ | ██████ | | ███ | ██ |

### NARRATIVE

On 11-10-2021, I was dispatched to 9710 Airport Blvd. Terminal B Gate B3 in reference to Disturbance and a possible Intoxicated Male on inbound flight UA341. Once at Gate B3, I spoke with the gate agent who had no further information then what we received from dispatch.

Flight UA341 arrived at the gate ramp where I advised R-1 we would not be entered the plane and would make contact with SB-1 and P-1 once they de-boarded the plane.

Both SB-1 and P-1 were advised we would contact them at the entrance to the gate.

I contacted SB-1 to see what had happened on the flight to San Antonio.

SB-1 stated he had just met P-1 on the flight since they were seated next to each other (Row 30). I asked SB-1 for his identification and he asked if he was being detained. I advised SB-1, he was currently being detained after he started to claim his forth amendment right. So instead of going back and forth about an ID, I allowed him to tell what happened on the flight. I did ask SB-1 if he had been drinking on the flight, SB-1 stated, "No". I asked him to lower his mask and blow into my hand so I cold smell his breath. SB-1 showed no signs of an alcoholic beverage on his breath. SB-1 stated it was a mask issue due to his mask falling below his nose. SB-1 advised he complied and was later brought a Federal Mandate Mask Law flyer. SB-1 stated both he and P-1 were given this flyer. I asked him if he then caused an disturbance or was involved in a disturbance on the flight. SB-1 stated, "No", only the mask issue with R-1.

Once I confirmed it was a customer service issue, I asked SB-1 for his ID. SB-1 continued to refuse and asked for a supervisor.

Cpl. Ledesma #9921 was already on scene.

#9921 advised SB-1 he would be placed under arrest and taken to jail to ID him and be charged for Failure to ID due to being lawfully detained. SB-1 complied soon after by providing me with his CT drivers license and phone number. SB-1 was cleared NCIC / TCIC and released on scene. SB-1 did talk with a United Airlines supervisor about filing a complaint.

SB-1 was recording us with his cellphone during the time of and after his detention.

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| ERIC PEREZ #9945   Nov 10, 2021 18:08 (e-signature) | J. LUIS LEDESMA #9921   Nov 10, 2021 20:15 (e-signature) |
| PRINT NAME | PRINT NAME |
| ERIC PEREZ #9945 | J. LUIS LEDESMA #9921 |

**San Antonio Police Department**

NOT   Summa ized  epo t  Mo e data  ega ding this  epo t may exist in the RMS
Ma k43 RMS  o m v2 0 gene ated by B  WAGN  R on Nov 22, 2021 12 20

I took no further action and returned to service.

BWC Available.

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| ERIC PEREZ #9945   Nov 10, 2021 18:08 (e-signature) | J. LUIS LEDESMA #9921   Nov 10, 2021 20:15 (e-signature) |
| PRINT NAME | PRINT NAME |
| ERIC PEREZ #9945 | J. LUIS LEDESMA #9921 |

**San Antonio Police Department**
*NOT  Summa ized  epo t  Mo e data  ega ding this  epo t may exist in the RMS*
*Ma k43 RMS  o m v2 0 gene ated by B  WAGN  R on Nov 22, 2021 12 20*